Aguiar, J.
This appeal raises the issue of whether the trial judge erred in finding that the defendant was negligent in causing water to fall on and around the area of a rug in front of the store fish counter.
We find there was no error.
This is an action in tort to recover for personal injuries.
On August 23, 1991, a very warm and beautiful sunny day, the plaintiff was a customer in the defendant’s store. She testified that she purchased a fish from defendant’s employee who was behind the fish counter. The plaintiff claims as she was putting the fish into her shopping carriage, she stepped off a rug on the floor, and her foot slid from under her; as she grabbed for the carriage and tried to stabilize herself, her other foot went the opposite way, but she steadied herself and was able to stay up. Immediately thereafter, she noticed water from where she slid, which was seeping out of the edge of the carpet and extending beyond the edge of the carpet ten to twelve inches.
The trial court found that the defendant caused the water to be on the floor and gave judgment to the plaintiff.
Defendant argues that there was no evidence of negligence by the defendant. Defendant’s position is that (1) there was no evidence of how the foreign substance came to be where it was on the floor, (2) there was no evidence that the defendant had actual (prior) knowledge of the presence of the foreign substance, (3) there was no evidence as to how long the foreign substance had been there and (4) there was no evidence that employees could see that area of the floor from their vantage points.
Defendant further argues that speculation and conjecture are not permissible bases upon which to base a judgment.
The trial judge found that the credible evidence establishes that Stop and Shop caused water to fall on and around the area of the rug in front of the fish counter. This soaked area caused plaintiff to lose her balance and twist her body as she turned from pain and received medical treatment.
The trial judge has the duty to draw appropriate and warrantable inferences from the evidence.
It is apparent from the judge’s decision that he found that no water could have possibly been tracked from the outside by any of defendant’s patrons. The presence of that water coming from the direction of the fish case cannot but compel the reasonable inference that this water had come from the fish case, and was, therefore, of the defendant’s own making. This inference is fair, is reasonable, is logical, is warrantable, and indeed is compelling.
*216 The trial judge was then no longer obliged to go on and make the further finding that the water had been there long enough for the defendant to know of it and remove it.
Plaintiff “may prove the negligence of the defendant by proof that the defendant or his servant caused the substance to be there, or he may show that the defendant or his servants had actual knowledge of the existence of the foreign substance.” Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 167 (1973).
An inference is properly drawn when in the experience of mankind the existence of one fact ordinarily and logically follows from the existence of another.
The finding of fact by the trial judge that the defendant caused the water to be on the floor is not clearly erroneous and should not be disturbed.
For all of the above reasons the appeal is dismissed.